**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: CAPITAL ONE 360 SAVINGS
ACCOUNT INTEREST FEE LITIGATION                    MDL No. 3111

**TRANSFER ORDER**

**Before the Panel:**[*] Defendants Capital One, N.A., and Capital One Financial Corporation (together, Capital One) move under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Virginia. The litigation consists of six actions pending in five districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of one related action pending in the Southern District of Illinois.[1] Plaintiffs in the Eastern District of Virginia *Savett* and *Hopkins* actions do not oppose centralization and support the selection of the Eastern District of Virginia as the transferee district. No other parties responded to the motion.[2]

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact and that centralization in the Eastern District of Virginia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share common questions of fact arising from allegations that Capital One misled holders of its 360 Savings Account into believing that they were earning a higher interest rate than they were, in large part by offering, since September 2019, the similarly-named 360 Performance Savings account, which paid a higher interest rate than the 360 Savings account. The actions will involve common questions of fact relating to Capital One's marketing of the savings accounts and its policies and practices for setting the interest rates for the accounts. All actions are putative nationwide or statewide class actions on behalf of current or former 360 Savings account holders, and all plaintiffs assert similar claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and violation of state consumer protection laws. Discovery will overlap extensively, and centralization will avoid the risk of inconsistent rulings on pretrial issues, including class certification and preemption under the National Bank Act, 12 U.S.C. § 1, *et seq*. With a total of seven actions pending in six districts,

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] Under Panel Rule 6.1(c), these parties' failure to respond is treated as acquiescence to centralization.

- 2 -

centralization will serve the convenience of the parties and witnesses, and conserve judicial resources.

We select the Eastern District of Virginia as the transferee district for this litigation. Two actions are pending there, including the first-filed *Savett* action, in which a fully-briefed motion to dismiss is pending. Capital One is headquartered in McLean, Virginia, within the district, and Capital One states that much of the relevant evidence and many of the relevant witnesses will be found there. Judge David J. Novak, to whom we assign the litigation, is a skilled jurist who has not yet had the opportunity to preside over an MDL. We are confident that he will steer this matter on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Virginia are transferred to the Eastern District of Virginia and, with the consent of that court, assigned to the Honorable David J. Novak for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: CAPITAL ONE 360 SAVINGS
ACCOUNT INTEREST FEE LITIGATION**                    MDL No. 3111

## SCHEDULE A

Central District of California

SIM v. CAPITAL ONE FINANCIAL CORPORATION, ET AL., C.A. No. 2:24−01222

District of New Jersey

PORT v. CAPITAL ONE, N.A., C.A. No. 3:24−01006

Eastern District of New York

BELLANTONI v. CAPITAL ONE FINANCIAL CORPORATION, ET AL.,
    C.A. No. 1:24−01558

Southern District of Ohio

PITTS v. CAPITAL ONE FINANCIAL CORPORATION, ET AL., C.A. No. 3:24−00047

Eastern District of Virginia

SAVETT, ET AL. v. CAPITAL ONE, N.A., ET AL., C.A. No. 1:23−00890
HOPKINS, ET AL. v. CAPITAL ONE, N.A., ET AL., C.A. No. 1:24−00292

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY Whitney Garnett
DEPUTY CLERK