IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

CAPITAL ONE 360 SAVINGS ACCOUNT
INTEREST RATE LITIGATION

MDL No. 1:24md3111 (DJN)

This document relates to
<u>ALL CASES</u>

<u>ORDER</u>
**(Preliminarily Approving Class Action Settlement and
Scheduling Final Approval Hearing)**

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. (ECF No. 161 ("Motion").) Plaintiffs Scott C. Savett, Jay Sim, Amber Terrell, Angela Uherbelau, Gwendolyn Wright, Elizabeth Zawacki, Sheryl Barnes, Alessandra Bellantoni, Ayal Brenner, Anthony Guest, Samuel Hans, Ronald Hopkins, Michael Krause, Steve Lenhoff, Jerry Magaña, Seth Martindale, Jennie Meresak, Gregory Mishkin, Andrew Molloy, Jay Nagdimon, Neelima Panchang, Sailesh Panchang, Patrick Perger Jr., Shantell Pitts, Howard Port and Jane Rossetti (collectively, "Plaintiffs"), individually and on behalf of the proposed Settlement Class, and Defendants Capital One Financial Corp. and Capital One, N.A. (collectively, "Capital One" or "Defendants") have entered into a Settlement Agreement and Release dated June 6, 2025 (ECF No. 163-1 (the "Agreement")), which is subject to review by the Court under Federal Rule of Civil Procedure 23(e). Plaintiffs' Motion seeks: (a) conditional certification of the Settlement Class for settlement purposes pursuant to Rule 23(a), 23(b)(3) and 23(e); (b) appointment of Class Representatives of the Settlement Class; and (c) appointment of Plaintiffs' counsel as Class Counsel. Pursuant to Rule 23, Plaintiffs also seek

an order preliminarily approving the settlement in accordance with the Agreement and directing the issuance of notice to the Settlement Classes as more fully described herein. The Settlement provides for Capital One to pay $425 million to Settlement Class members in two parts: $300 million in cash and $125 million in additional interest to class members who continue to hold 360 Savings Accounts. (ECF No. 163-1.)

Having reviewed Plaintiffs' Motion along with the Agreement and the relevant exhibits, and having conducted a hearing in this matter on June 16, 2025, the Court finds that substantial and efficient grounds for certification and preliminary approval exist and ORDERS the following:

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and has personal jurisdiction over the parties and the Settlement Class members. Venue is proper in this District.

2. Pending the Final Approval Hearing, all proceedings in this action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby stayed.

3. The Court preliminarily approves the settlement, as embodied in the Agreement, as being within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration. The Agreement was reached as a result of arm's-length negotiations by the parties and their counsel with the help of two experienced mediators, Robert Meyer and Craig Seebald. Based on the record, the Court finds that Settlement Class representatives and their counsel had sufficient information to evaluate the strengths and weaknesses of the case and to conduct informed settlement discussions.

4. The Court hereby provisionally certifies, for purposes of the settlement only, a

Settlement Class consisting of all persons or entities who maintained a Capital One 360 Savings account at any time during the class period (i.e., from September 18, 2019, through and including the date this Order is entered), including joint and co-holders of 360 Savings accounts, as reflected in the class list to be generated by Capital One.

5. Excluded from the Settlement Class are (i) Capital One, any entity in which Capital One has a controlling interest, and Capital One's officers, directors, legal representatives, successors, subsidiaries and assigns; (ii) any judge, justice or judicial officer presiding over the action and the members of their immediate families and judicial staff; and (iii) any individual who timely and validly opts out of the Settlement Class.

6. The Court preliminarily finds and concludes, for settlement purposes only, that the Settlement Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Specifically, the Court finds that (1) the Settlement Class members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) Plaintiffs' claims are typical of those of the Settlement Class members; (4) Plaintiffs and Settlement Class counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class members; and (5) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3).

7. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the parties in the event the settlement is not finally approved by this Court or otherwise does not take effect, and the parties preserve all rights and defenses regarding class certification in the event the settlement is not finally approved by this Court or otherwise does not take effect.

8.  The Court conditionally appoints Chet B. Waldman and his law firm Wolf Popper LLP as class counsel and The Kaplan Law Firm as local counsel, and designates Plaintiffs in the action, i.e., Dr. Scott C. Savett, Jay Sim, Amber Terrell, Angela Uherbelau, Gwendolyn Wright, Elizabeth Zawacki, Sheryl Barnes, Alessandra Bellantoni, Ayal Brenner, Anthony Guest, Samuel Hans, Ronald Hopkins, Michael Krause, Steve Lenhoff, Jerry Magaña, Seth Martindale, Jennie Meresak, Gregory Mishkin, Andrew Molloy, Jay Nagdimon, Neelima Panchang, Sailesh Panchang, Patrick Perger Jr., Shantell Pitts, Howard Port and Jane Rossetti, as Settlement Class Representatives for purposes of this settlement. The Court also designates and approves Epiq Class Action & Claims Solutions, Inc. to serve as Settlement Administrator.

9.  The Court extends the Special Master Craig P. Seebald's mandate in this matter to include overseeing the notice and administration process of the settlement. Specifically, the Court orders the Special Master to file reports concerning the following three issues:

    a.  Opt-outs from the Agreement, including whether the agreed-upon number of opt-outs in Section 9.2(ii) of the Settlement Agreement is reached;

    b.  Payments to current accountholders through the additional payments fund of $125 million, and when this fund has been exhausted;

    c.  Compliance with the Agreement's provisions surrounding payment of settlement funds to the various Settlement Class members.

10. The Special Master shall file such a report with the Court no later than ten days before the Final Approval Hearing and every 6 months thereafter until payments under the Settlement Agreement have been completed.

11. The parties shall provide reports to the Special Master concerning the three issues set forth in Paragraph 9 of this Order on a quarterly basis until payments have been completed.

12. Since the settlement is within the range of reasonableness and possible final approval, notice shall be provided to the Settlement Class pursuant to the Agreement as set forth in the Notice Plan, which was filed with the Court in ECF No. 163-2 in support of Plaintiffs' Motion. The Settlement Administrator shall provide notice in compliance with 28 U.S.C. § 1715 and as set forth in the Notice Plan.

13. The Court approves, as to form and content, notices that are substantially similar to the forms attached as Exhibits 3 to 5 to the Agreement. The Court finds that the notices are written in plain English and are easy to comprehend. The parties shall have discretion to jointly make non-material revisions to the notices before publishing. Responsibility for settlement administration, including, but not limited to, notice and related procedures, shall be performed by the Settlement Administrator, subject to the oversight of the parties and this Court as described in the Agreement.

14. The Court finds that the Notice Plan is reasonably calculated to provide notice to the Settlement Class of the pendency of the action, certification of the Settlement Class, the terms of the Agreement, Plaintiffs' counsel's anticipated application for an award of attorneys' fees and reimbursement of expenses, and the Final Approval Hearing, and complies fully with all applicable law.

15. Any member of the Settlement Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Agreement, must mail a request for exclusion to the Settlement Administrator, pursuant to the instructions set forth in the Long Form Notice. The request must be postmarked no later than October 2, 2025. For purposes of requests for exclusion, all holders of a particular 360 Savings account shall be treated as one.

Any valid request for exclusion made by one holder of a particular 360 Savings account shall apply to all holders of that account. The written request for exclusion must (i) identify the case name of the action; (ii) identify the name, telephone number, address and email address of the Settlement Class member seeking exclusion; (iii) be personally signed by the Settlement Class member seeking exclusion; (iv) include a statement clearly indicating the Settlement Class member's intent to be excluded from the Settlement; and (v) request exclusion only for that one Settlement Class member whose personal signature appears on the request. Opt-out requests seeking exclusion on behalf of more than one Settlement Class member shall be deemed invalid in their entirety by the Settlement Administrator unless the request only seeks the exclusion of the Settlement Class member making the request and any of his, her, or its joint or co-holders of a particular 360 Savings account. Any Settlement Class member who does not submit a valid and timely request for exclusion in the manner described herein shall be deemed to be part of the Settlement Class upon expiration of the Opt-Out Deadline, and shall be bound by all subsequent proceedings, orders and judgments applicable to the Settlement Class.

16. Any Settlement Class Member who does not submit a valid and timely request for exclusion may file a written objection to the Settlement Agreement or any aspect thereof. The objection must satisfy the requirements described in the Long Form Notice. The objection must be filed with the Court on or before October 2, 2025. The written objection must include (i) the case name and number of the action; (ii) the name, address, telephone number and email address of the objecting Settlement Class member and, if represented by counsel, of his/her/its counsel; (iii) a statement of whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (iv) a statement of the specific grounds for the objection; and (v) a statement of whether the objecting Settlement Class member intends to

appear at the Final Approval Hearing, and if so, whether personally or through counsel. In addition to the foregoing requirements, if an objecting Settlement Class member is represented by counsel and such counsel intends to speak at the Final Approval Hearing, the written objection must include a detailed description of any evidence the objecting Settlement Class member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class member may introduce at the Final Approval Hearing. Any Settlement Class Member who fails to object to the settlement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the settlement or the terms of this Agreement by appeal or any other means.

17. A Final Approval Hearing shall be held before this Court on November 6, 2025, at 11:00 a.m., at the United States District Court for the Eastern District of Virginia, Albert V. Bryan United States Courthouse, 401 Courthouse Square, Alexandria, VA 22314, Courtroom 601, to address: (a) whether the class should be certified for purposes of the settlement; (b) whether the proposed settlement should be finally approved as fair, reasonable and adequate and whether the Final Approval Order should be entered; and (c) whether Class Counsel's applications for attorneys' fees, expenses and payment of service awards to the Settlement Class representatives should be approved.

18. Any Settlement Class member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Settlement Class member's own expense, provided they file an objection pursuant to the requirements in the Settlement Agreement and this Order.

19. Plaintiffs shall file their motions for Final Approval of the Settlement and for any

award of attorneys' fees, costs, expenses and service awards no later than September 11, 2025. The Parties shall also file any responses to any Settlement Class member objections and any replies in support of final settlement approval no later than October 23, 2025. These motions and all supporting documentation shall simultaneously be posted to the settlement website.

20. No later than October 27, 2025, the Settlement Administrator shall provide a declaration to the Court regarding the status of compliance with the Notice Plan.

21. In the event that final certification of the Settlement Class, final approval of the settlement, or any other order necessary to effectuate the Agreement is denied, or the Agreement is not finally approved, or is terminated or cancelled or fails to become effective for any reason whatsoever, or if this Court or a reviewing court takes any action to impair or reduce the scope or effectiveness of the releases set forth in the Agreement or to impose greater financial or other burdens on Capital One than those contemplated in the Agreement, or if Final Approval is reversed on appeal, the action shall revert to its status as it existed prior to the date of the Agreement, and the Settlement Administrator shall return to Capital One any amounts Capital One had already deposited in the Settlement Fund Account that are not required to pay for reasonable notice and administration costs already incurred. In the event of such a reversion, no class shall be deemed to have been certified, and the proposed or actual certification of a Settlement Class shall not be urged or considered as a factor in any subsequent litigation over the certification of a litigation class or classes. Additionally, in the event of such a reversion, the Agreement shall be void ab initio, shall have no force or effect, and shall impose no obligations on the parties except as set forth in the Agreement. Alternatively, in the event that certification of the Settlement Class, Preliminary Approval or Final Approval of the Settlement, or any other order necessary to effectuate the Agreement is denied, or the Agreement is not finally approved,

or is terminated or cancelled or fails to become effective for any reason whatsoever, or if this Court or a reviewing court takes any action to impair or reduce the scope or effectiveness of the release set forth in the Agreement or to impose greater financial or other burdens on Capital One than those contemplated in the Agreement, or if Final Approval is reversed on appeal, the parties may, but are not required to, modify the Agreement. Such a modification shall be binding only if it is in writing and executed by class counsel and Capital One.

22. Pending final determination of whether the Agreement should be finally approved, Plaintiffs and all Settlement Class members (and any persons purporting to act on their behalf) are barred and enjoined from filing, commencing, prosecuting, maintaining, or enforcing any action against the released parties insofar as such action asserts released claims, directly or indirectly, in any judicial, administrative, arbitral or other forum. This bar and injunction is necessary to protect and effectuate the Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction.

23. This Preliminary Approval Order, the Agreement, and all negotiations, statements, agreements and proceedings relating to the settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not constitute or be described as, construed as, offered, or received against Capital One or the other released parties as evidence or an admission of (i) the truth of any allegations made by the Plaintiffs, (ii) liability or fault of any kind, or (iii) that this action or any other action may be properly certified as a class action for litigation, non-settlement purposes. This Preliminary Approval Order, the Agreement, and all negotiations, statements, agreements and proceedings relating to the settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, also shall not constitute or be described as, construed as, offered, or received against

Plaintiffs as evidence or an admission of any weakness or infirmity of any claim or allegation made by Plaintiffs in this action.

24. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class members. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class members, be continued by order of the Court. However, any continuance by the Court will be noted on the settlement website.

25. The parties shall have the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of the Agreement.

26. The Court hereby sets the following schedule of events:

| Event | Deadline |
| --- | --- |
| Deadline to Send Notice to Class Members | August 15, 2025 |
| Deadline to file Motion for Attorneys' Fees, Expenses, and Service Award and Motion for Final Approval | September 11, 2025 |
| Opt-Out and Objection Deadline | October 2, 2025 |
| Deadline to Respond to Objections | October 23, 2025 |
| Excluded Class Members Filing Due | October 23, 2025 |
| Certification of Compliance with Notice Plan Requirements Deadline | October 26, 2025 |
| Final Approval Hearing | November 6, 2025 at 11:00 a.m. |

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Alexandria, Virginia
Dated: June 16, 2025

10