

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

In re: Capital One 360 Savings Account Interest Rate Litigation
Case No. 1:24-md-03111-DJN

## FORMAL OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

I, Craig E. M. Reynolds, respectfully submit this objection pursuant to Fed. R. Civ. P. 23(e)(5). I am a member of the proposed settlement class, having maintained a Capital One 360 Savings Account during the class period (Exhibit A). This objection is made to protect the interests of all class members.

## I. SCOPE OF OBJECTION

This objection challenges the adequacy, reasonableness, and fairness of the settlement under Fed. R. Civ. P. 23(e)(2). I reserve the right to appear and be heard at the Final Approval Hearing scheduled for November 6, 2025.

## II. GROUNDS FOR OBJECTION

### A. Gross Disparity Between Harm and Recovery

The CFPB's January 2025 complaint alleges that Capital One deprived accountholders of more than $2 billion in interest through intentional rate suppression and concealment of higher-yield alternatives (Exhibit B). The proposed settlement recovers only 21.25% of that amount before fees and approximately 14.2% after anticipated fees, leaving the average class member with about five dollars. Capital One retains more than $1.5 billion of alleged ill-gotten gains, along with years of interest and compounded returns.

Courts have rejected settlements where recovery was "grossly disproportionate" to the potential damages and failed to serve deterrence. *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 705 (E.D. Mo. 2002) (rejecting settlement where defendants retained most of alleged gains). This settlement falls squarely within that concern.

### B. Omission of Attorneys' Fee Disclosure

The class notice (Exhibit C) fails to disclose the precise attorneys' fee request, violating Fed. R. Civ. P. 23(h)(1), which mandates, in relevant part, that "*a claim for an award must be made by motion… and notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.*"

Without disclosure, class members cannot assess whether fees are proportionate to the benefit conferred. In *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993–94 (9th Cir. 2010), the court held that due process is violated when class members cannot meaningfully object because the fee request is not disclosed before the objection deadline. The omission here undermines the fairness hearing itself.

### C. Lack of Justification for the Discount

Fed. R. Civ. P. 23(e)(2)(C) requires courts to consider *"the costs, risks, and delay of trial and appeal"* in assessing adequacy of relief. The record provides no persuasive explanation for why nearly 80% of alleged losses are unrecoverable. Where damages are concrete and supported by evidence, courts demand a reasoned basis for substantial discounts. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (vacating and remanding district court's approval of the settlement agreement due in part to, *"leaving class members with coupons or other awards of little or no value."*).

### D. Minimal Relief for Most Class Members

Payments of about five dollars to the typical class member approach the kind of "nuisance value" settlements courts have criticized. In *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011), the court identified three warning signs of collusion: (1) disproportionate distribution of funds to counsel; (2) "clear sailing" fee arrangements; and (3) reversion of unclaimed funds to the defendant. Here, the first factor cannot be evaluated at all because the notice withholds the precise fee request, a lack of disclosure that prevents class members from determining whether counsel's recovery is disproportionate to their own. This absence of transparency is itself a defect that undermines the fairness review. The second and third concerns are implicated here because the notice fails to disclose the precise amount of fees sought, depriving class members of the ability to determine whether the first factor is also present.

## III. REQUESTED RELIEF

I respectfully request that the Court:

1. Deny final approval unless the settlement is modified to:

    o Increase total recovery to more closely match documented harm;

    o Fully disclose the fee request in advance of any renewed objection deadline;

    o Provide supplemental notice and reopen the objection period.

2. Reduce attorneys' fees to reflect a reasonable percentage of the net benefit to the class and direct the difference to class members.

## IV. CONCLUSION

The fairness of a class action settlement must rest on substance, not on expedience. This agreement allows the defendant to retain the majority of the gains it is accused of wrongfully taking, conceals the true measure of attorneys' fees, and offers the class a token recovery that cannot reasonably be called adequate. The Court's duty to protect absent class members requires rejection or substantial modification of this settlement.

Dated: August 12, 2025

Respectfully submitted,

Craig E. M. Reynolds