IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| In re: | |
| CAPITAL ONE 360 SAVINGS ACCOUNT INTEREST RATE LITIGATION | MDL No. 1:24md3111 (DJN) <br><br> This document relates to <br> <u>ALL CASES</u> |

**ORDER**
**(Ordering Response)**

This matter comes before the Court on its own initiative in anticipation of the Final Approval Hearing scheduled for November 6, 2025, at 11:00 a.m. The Court hereby ORDERS each party to the proposed settlement to submit a filing, no later than Tuesday, November 3, 2025 at 12 noon, addressing each of the following points:

1. The impact, if any, on the case brought against Defendants by the New York State Attorney General's Office (Civil No. 1:25-CV-1403-DJN) if the Court granted final approval to the proposed settlement;

2. Further details concerning the settlement agreement's "multiplier" provision for class members who held 360 Savings accounts during the class period and closed their accounts (or will close them by the agreement's effective date), including a detailed explanation of this provision's purpose;

3. The reasons, if any, why the settlement agreement fails to compel Capital One to simply transfer existing 360 Savings account holders into 360 Performance Savings accounts or to match the interest rate for 360 Savings accounts to the rate being paid to 360 Performance Savings account holders;

4. The reasons, if any, why the parties deem it preferable to keep 360 Savings account holders at a significantly lower interest rate than 360 Performance Savings account holders, amounting, at current levels, to less than ¼ of the rate earned by the latter category;

5. The differing financial impact of the settlement on comparable class members who remain in the 360 Savings account versus those who switch to the 360 Savings performance account;

6. The reasons, if any, for the $125 million additional interest payments to continuing 360 Savings account holders, where (according to the parties) these account holders have received ample notice of the possibility of switching to a higher yielding account and voluntarily agreed to keep their funds in a much lower yielding account;

7. A full accounting of any and all notice provided to 360 Savings account holders concerning the following two issues:

    a. The significant difference in interest rates between 360 Savings accounts and 360 Performance Savings accounts; and
    b. The ability of 360 Savings account holders to switch to higher interest 360 Performance Savings accounts;

    The parties shall provide the Court with all forms of notice regarding these two issues.

8. The reasons why such notice was sufficient for purposes of informing 360 Savings account holders about their options;

9. How the fact that 75% of class members remain in 360 Savings accounts fails to demonstrate that notice of the availability of a higher interest savings account was insufficient;

10. Specific details concerning Plaintiffs' lodestar multiplier of 7.71 for purposes of the Court's use of a lodestar cross-check in determining a fair level of attorney's fees;

11. The reasons, if any, why the proposed attorneys' fees of 20% should not be derived solely from the $300 million settlement fund, if the fees are indeed being drawn only from this fund.

Amici Attorneys General, or the New York State Attorney General's Office on Amici's behalf, may file their position on any of these issues as well.[1]

Let the Clerk file a copy of this Order electronically and notify all counsel of record, as well as the Special Master.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Alexandria, Virginia
Dated:  October 30, 2025

---

[1] Any such filing must comply with the Local Rules for the Eastern District of Virginia, which require the filing of pleadings, not letters, when addressing the Court.

3