UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| IN RE: CAPITAL ONE 360 SAVINGS ACCOUNT INTEREST RATE LITIGATION | Civil Action No. 1:24-md-03111-DJN-WBP |

**NYAG'S POSITION ON THE IMPACT OF FINAL APPROVAL OF THE PROPOSED SETTLEMENT ON NEW YORK V. CAPITAL ONE (1:25-cv-01403-DJN)**

With the Court's leave (Order at 3, ECF No. 248), the Attorney General of New York ("NYAG") as *amicus curiae* files this response to the first point raised in the Court's Order dated October 30, 2025: "The impact, if any on the case brought against Defendants by the New York State Attorney General's Office (Civil No. 1:25-CV-1403-DJN) if the Court granted final approval to the proposed settlement." (Order ¶ 1.) In response, the NYAG states as follows:

1. If the proposed settlement is approved as written, existing New York case law would limit the authority of the New York Attorney General to seek restitution for New York class members in the separate civil action to only those class members who opt out of the settlement. *See People v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 121-26 (2008). The settlement would not limit the Attorney General's authority to seek other forms of relief, including injunctive relief, penalties, and disgorgement. *See id.*

2. If the settlement is amended to expressly carve out government authorities from the scope of the release—as *amici* have urged (Amicus Br. at 11-12, ECF No. 210)—the New York Attorney General would maintain its claim for restitution for New York class members. Such restitution would be offset by any payments actually received through the class action, such that restitution would not result in any "double recovery" for class members.

1

3. Accordingly, the NYAG reiterates *amici*'s request that the Court reject the proposed settlement. At a minimum, the settlement release should be amended to include an express carveout for claims and remedies belonging to government entities. (*See* Amicus Br. at 12.)

Dated: November 3, 2025
New York, New York

Respectfully submitted,

LETITIA JAMES
Attorney General of the State of New York

By: _____
Adam J. Riff (*pro hac vice*)
C. Chisolm Allenlundy
Assistant Attorney General
Bureau of Consumer Frauds and Protection
28 Liberty Street
New York, New York 10005
(212) 416-6250
adam.riff@ag.ny.gov

*Counsel for the People of the State of New York*

Of counsel:

JANE M. AZIA (*pro hac vice*), Bureau Chief
LAURA J. LEVINE, Deputy Bureau Chief