IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

CAPITAL ONE 360 SAVINGS ACCOUNT
INTEREST RATE LITIGATION

MDL No. 1:24md3111 (DJN)

This document relates to
<u>ALL CASES</u>

### <u>ORDER</u>
### (Denying Motion for Leave to Intervene)

This matter comes before the Court on a motion for leave to intervene by James David Lewis, Jr, a class member in this multidistrict litigation ("MDL"). (ECF No. 262 ("Motion").) Lewis seeks to enter this litigation for the third time, after the Court rejected his two previous attempts to participate as an amicus. (ECF Nos. 215, 220, 234, 237.) Lewis seeks to intervene in this action as of right pursuant to Federal Rule of Civil Procedure 24(a), based on what he calls "a direct interest in untraced subclass relief (extraordinary circumstances tolling via 1995 TX expulsion and 2016 FTCA breach results)," and because the "MDL disposition impairs his ability to protect via independent action." (Motion at 5.) In the alternative, Lewis seeks permissive intervention under Rule 24(b), on the basis that this rule "promotes judicial economy by piercing settlement waivers on estate/IP origins." (*Id.*) Because Lewis's filing — in the midst of the settlement approval process — is untimely, the Court DENIES Lewis's Motion (ECF No. 262).

Rule 24(a) sets out the rules for intervention as of right and states that, on a timely motion, the court may permit any non-party to intervene that:

(1) is given an unconditional right to intervene by a federal statute; or
(2) claims an interest relating to the property or transaction that is the subject of the

action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). The party moving for intervention bears the burden of establishing its right to intervene. *In re Richman (Richman v. First Woman's Bank)*, 104 F.3d 654, 658 (4th Cir. 1997). To do so, that party must show "(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the [movant's] interest is not adequately represented by existing parties to the litigation." *Teague v. Bakker*, 931 F.2d 259, 260–61 (4th Cir. 1991).

An individual has an interest in an action when he has a "'significantly protectable interest' in the litigation."[1] *Lee v. Va. Bd. of Elections*, 2015 WL 5178993, at *2 (E.D. Va. Sept. 4, 2015) (citing *Teague*, 931 F.2d at 261). In other words, he must "stand to gain or lose by the direct legal operation of the district court's judgment on [the] complaint." *Teague*, 931 F.2d at 261. To satisfy the second requirement of the Rule 24 test, the movant must also demonstrate that failure to permit intervention would impair his interest. *Richman*, 104 F.3d at 659. The district court has the discretion to permit or deny intervention. *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976).

As to permissive intervention, Rule 24(b) states that on a timely motion, a court may permit a non-party to intervene if that party:

> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1). "In exercising its discretion, the court must consider whether the

---

[1] Lewis does not assert that a statute furnishes him the unconditional right to intervene in this action pursuant to Rule 24(a)(1), and the Court has not found a statute that would give him that right, so it will not address this provision of the Rule.

intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). To prevail, a movant must demonstrate "(l) that their motion is timely; (2) that their claims or defenses have a question of law or fact in common with the main action; and (3) that intervention will not result in undue delay or prejudice to the existing parties." *RLI Ins. Co. v. Nexus Servs., Inc.*, 2018 WL 5621982, at *5 (W.D. Va. Oct. 30, 2018). "[A] decision on a Rule 24(b) motion lies within the sound discretion of the trial court." *Hill v. W. Elec. Co., Inc.*, 672 F.2d 381, 385–86 (4th Cir. 1982).

Critically, as the Fourth Circuit emphasized in *Scadelletti v. Debarr*, "[u]nder either Rule 24(a) or 24(b), the application for intervention must be timely." 265 F.3d 195, 202 (4th Cir. 2001), *rev'd on other grounds sub nom. Devlin v. Scardelletti*, 536 U.S. 1 (2002); *see also Houston General Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999) ("[T]imeliness is a cardinal consideration of whether to permit intervention.") (internal quotation marks omitted). Since Rule 24 does not define "timely" or otherwise prescribe specific time limits for filing a motion to intervene, a court assessing a motion's timeliness must do so "in each case by the exercise of [its] sound discretion." *Black v. Central Motor Lines Inc.*, 500 F.2d 407, 408 (4th Cir. 1974). As the Fourth Circuit stated, "[t]he purpose of the [timeliness] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." *Scadelletti*, 265 F.3d at 202 (quoting *United States v. South Bend Cmty. Sch. Corp.*, 710 F.2d 394, 396 (7th Cir. 1983)). To determine whether a motion to intervene qualifies as timely, courts in the Fourth Circuit examine several factors, including how far the suit has progressed, the prejudice that delay might cause other parties, and the reason for the tardiness. *Id.* at 203.

In light of Rule 24's plain text and Fourth Circuit case law, the Court finds Lewis' Motion untimely and denies it on that basis.[2] Lewis filed his Motion more than a year after the underlying cases were consolidated in the instant MDL, several months after all class members (including Lewis) were sent notice concerning this action and more than a month after he filed his first motion in this case. Instead of filing this Motion at an earlier stage of litigation, or even when he first received notice of this litigation, Lewis waited until the day that this Court was scheduled to rule on Plaintiffs' Motion for Final Approval of the Class Action Settlement.[3] By waiting until this moment, Lewis creates a real risk of "derailing" the underlying action "within sight of the terminal," the very interest that Rule 24's timeliness requirement seeks to protect. *Scadelletti*, 265 F.3d at 202. Additionally, all of the Fourth Circuit factors concerning timeliness weigh strongly against granting Lewis's Motion. First, as already discussed, the suit here had progressed to the ultimate stage — final settlement approval — by the time that Lewis filed his Motion. Second, allowing Lewis to intervene would prejudice all other parties to this case, delaying resolution of the asserted claims, further driving up litigation costs and necessarily delaying compensation payments to class members. And finally, Lewis fails to offer any compelling reasons whatsoever for the delay in his filing.

---

[2] The Court notes that Lewis's motion likely falls short on the merits as well, since he fails to establish how the resolution of the MDL impairs the obscure intellectual property right that he seeks to assert (let alone whether resolution of the MDL would even bear on this interest in any way), and since he fails to show that his intellectual property claim shares a common question of law or fact with the MDL. The Court further notes that Lewis's claims appear to concern events dating back several decades, raising significant statute-of-limitations concerns.

[3] Even though the Court rejected the proposed settlement, Lewis's Motion still falls within the midst of the approval process.

For all of these reasons, the Court exercises its discretion and hereby DENIES Lewis's Motion (ECF No. 234). Since Lewis is not a litigant in this action, the Court also DENIES Lewis's multiple motions for pro se e-noticing. (ECF Nos. 258, 263.)

Let the Clerk file a copy of this Order electronically, notify all counsel of record and send a copy to Lewis.

It is so ORDERED.

                                                                                 /s/  
                                                      David J. Novak  
                                                      United States District Judge

Richmond, Virginia  
Dated: November 18, 2025