**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |
|---|---|
| IN RE: CAPITAL ONE 360 SAVINGS ACCOUNT INTEREST RATE LITIGATION | Civil Action No. 1:24-md-03111-DJN-WBP |

## FIFTH REPORT OF THE SPECIAL MASTER

Under authority of the Court's July 18, 2024 order appointing the undersigned as Special Master (ECF No. 24), the November 6, 2025 order amending the scope of the Special Master's duties to cover all responsibilities set forth therein (ECF No. 260), and the November 14, 2025 order directing the Special Master to submit a proposed schedule (ECF No. 265), the Special Master submits this report updating the Court on the following issues: (1) the basic framework of the revised proposed settlement; and (2) the proposed schedule for preliminary approval, notice to class members, relevant objection and opt-out deadlines, final approval, and other deadlines related to the revised proposed settlement. (*See* ECF No. 260 at 1–2; ECF No. 265 at 1.) The report also includes the Special Master's recommendation with respect to supplemental notice of the revised proposed settlement to the settlement class.

Following the Court's November 6, 2025 hearing, the Special Master met with counsel for Plaintiffs, Defendants, and the New York Attorney General's Office ("NYAG") on two occasions—November 14, 2025 and November 18, 2025. The Special Master also engaged in several other conversations with each of the parties. During these meetings and conversations, the Special Master and the parties discussed the proposed schedule for preliminary and final approval of the revised proposed settlement, a plan for reaching out to the other States' attorneys general

1

who participated as amici to obtain the necessary assurances with respect to the revised proposed settlement, and notice-related issues. In addition, the Special Master and Plaintiffs' counsel discussed the Special Master's report regarding Plaintiffs' counsel's attorneys' fees. The Special Master understands that Plaintiffs are working to compile the fee-related information necessary for the Special Master's lodestar analysis and evaluation of the work performed by Plaintiffs' counsel.

**I.    Framework of the Revised Proposed Settlement**

On November 6, 2025, the Court denied Plaintiffs' motion for final approval of the proposed class action settlement. (ECF No. 259.) Separately, however, the Court informed the parties that it would be inclined to approve a revised settlement agreement containing the following terms: (1) the creation and funding by Defendants of a "single pool of class funds" in the amount of $425 million; and (2) an "opt-out conversion plan" under which holders of 360 Savings accounts would be transferred into 360 Performance Savings accounts absent an accountholder's express contrary direction. (ECF No. 260 at 1.) On November 13, 2025, Defendants notified the Court of their willingness to enter into a binding settlement agreement materially consistent with the terms suggested by the Court,[1] provided that:

> (1) the New York Attorney General executes an agreement stating that, if and when the Court grants final approval to any Proposed Settlement, it will dismiss with prejudice its complaint in the case captioned *People of the State of New York, by Letitia James, Attorney General of the State of New York v. Capital One N.A. and Capital One Financial Corp.*, Civil Action No. 1:25-cv-01403-DJN-WBP (E.D. Va.); and (2) the seventeen other States whose attorneys general appeared as amici to oppose the parties' proposed settlement (*see* Dkts. 209, 210) represent to the Court that they will not object to or otherwise oppose the Proposed Settlement and

_____

[1] As to the "opt-out conversion plan," Defendants informed the Court that "any Proposed Settlement will be materially consistent with [such] Term … if it causes holders of 360 Savings and 360 Performance Savings accounts to be paid the same rate of interest without temporal restriction, even if it does not result in the transfer of accountholders from one account to another." (ECF No. 264 at 2.)

that, if the Proposed Settlement is approved by the Court, they will not assert claims or pursue an enforcement action of any kind against Defendants relating to the subject matter of this MDL.

(ECF No. 264 at 1–2.)

Having reviewed Defendants' November 13, 2025 filing and met with counsel for Plaintiffs, Defendants, and the NYAG on November 14 and 18, 2025, the Special Master understands the proposed settlement agreement shall include the following material terms: (1) a term requiring the creation and funding by Defendants of a $425 million settlement fund; (2) a term requiring the creation and implementation by Defendants of an "opt-out conversion plan" or its material equivalent per footnote 1, *supra*; (3) a term providing that Capital One's obligations under the settlement agreement shall be contingent upon the dismissal with prejudice of the NYAG's complaint against Defendants in Case No. 1:25-cv-01403-DJN-WBP if and when the settlement becomes effective, and representations by the remaining 17 States that participated as amici that they will not (a) object to or otherwise oppose the proposed settlement or (b) assert claims or pursue enforcement actions against Defendants related to the subject matter of the instant MDL; and (4) a term providing that the NYAG may apply to the Court to enforce the settlement.

## II.    Proposed Schedule

Consistent with the Court's November 6 and 14, 2025 orders and the Special Master's discussions with counsel for Plaintiffs, Defendants, and the NYAG, the Special Master proposes the following schedule:

| Event | Deadline |
|---|---|
| Signed Settlement Agreement | December 12, 2025 |
| Special Master to File His Report Concerning Status of Representations from State Attorneys General | December 12, 2025 |
| Preliminary Approval Motion Filed | December 23, 2025 |

| Event | Deadline |
|---|---|
| Special Master to File His Report Concerning Assessment of Loss Amount and Percentage of Recovery that the Settlement Fund Represents | **January 8, 2026** |
| Preliminary Approval Hearing | **January 12, 2026**[2] |
| Deadline to Send Notice to Class Members | **February 2, 2026** |
| Special Master to File His Report Concerning Plaintiffs' Counsel's Time Records | **February 18, 2026** |
| Deadline to file Motion for Final Approval and Attorneys' Fees and Expenses | **March 9, 2026** [Six weeks before the Final Approval Hearing] |
| Opt-Out and Objection Deadline, including Deadline to Withdraw Previous Opt-Outs | **March 30, 2026** [Three weeks before the Final Approval Hearing] |
| Deadline to Respond to Objections | **April 6, 2026** [Two weeks before the Final Approval Hearing] |
| Excluded Class Members Filing Due | **April 6, 2026** [Two weeks before the Final Approval Hearing] |
| Certification of Compliance with Notice Plan | **April 10, 2026** [Ten days before the Final Approval Hearing] |
| Special Master to File His Report Concerning Opt-Outs and Compliance with Payment Terms | **April 15, 2026** [Five days before the Final Approval Hearing] |
| Final Approval Hearing | **April 20, 2026 at 11:00 a.m. ET** |

---

[2] Because Defendants' agreement to the revised proposed settlement is conditioned on 17 States making representations to the Court that they will not oppose the revised proposed settlement and that, if the revised proposed settlement is approved by the Court, they will not assert claims or pursue an enforcement action against Defendants relating to the subject matter of this MDL, the timeline for approving the settlement and sending notice to settlement class members may need to be adjusted in the event these States have not provided the requisite representations by January 12, 2026. The Special Master will keep the Court and the parties apprised of his discussions with the 17 States and will work diligently to try to obtain the representations before January 12, 2026.

## III.    <u>Supplemental Notice Recommendation</u>

Following preliminary approval of the initial proposed settlement, notice was disseminated using various channels, including by email and mail to all settlement class members. With respect to notice of the revised proposed settlement, the Special Master and the parties have discussed providing mailed notice only to those settlement class members whose email addresses were invalid, such that the initial notice emails were returned undeliverable, or for whom the parties do not have valid email addresses. Email notice would be provided as before to all settlement class members. Thus, instead of 5 million physical mailings, the settlement class would need to mail slightly more than 1.1 million mailings to members. Doing so would save the class over $1.5 million in expenses that can be distributed to class members.

**Accordingly, the Special Master recommends that the Court allow the parties to proceed with notice by (1) sending notice by email to settlement class members with identifiable and valid email addresses, and (2) sending notice by mail only to those settlement class members for whom the parties do not have email addresses or whose email addresses are invalid, such that the notice emails were undeliverable the first time**. The Special Master views this notice plan as more than adequate under the circumstances. The parties have valid email addresses for over 4 million of the settlement class members, which represents the vast majority of the class. Moreover, given how successfully notice was disseminated by Epiq in the first instance, and that the revised proposed settlement is more favorable to the settlement class members as compared to the initial proposed settlement, the benefit to the class of saving $1.5 million in notice costs far outweighs any potential prejudice caused by not mailing the notice to all members.

Washington, DC
Date: November 19, 2025

_____
Craig P. Seebald