UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: CAPITAL ONE 360 SAVINGS ACCOUNT INTEREST RATE LITIGATION | Civil Action No. 1:24-md-03111-DJN-WBP |

## SIXTH REPORT OF THE SPECIAL MASTER

The Special Master submits this report under authority of the Court's July 18, 2024 order appointing the undersigned as Special Master (ECF No. 24), the November 6, 2025 order amending the scope of the Special Master's duties to cover all responsibilities set forth therein (ECF No. 260), and the November 21, 2025 order directing the Special Master to file a report concerning the status of representations from the seventeen States' attorneys general regarding the revised proposed settlement (ECF No. 278).

At the outset, the Special Mater notes that the New York Attorney General's Office ("NYAG") continues to coordinate with the Special Master and has played a central role in facilitating communications both among the States and between the States and the Special Master. The Special Master appreciates the NYAG's efforts and cooperation throughout this process.

**I.    Relevant Background**

On November 6, 2025, the Court denied Plaintiffs' motion for final approval of the parties' proposed class action settlement. (ECF No. 259.) The Court stated, however, that it would be inclined to approve a revised settlement containing two new terms: (1) creation and funding by Defendants of a $425 million settlement fund; and (2) an "opt-out conversion plan" under which

1

holders of 360 Savings accounts would be transferred into 360 Performance Savings accounts absent an accountholder's express contrary direction. (ECF No. 260 at 1.)

On November 13, 2025, Defendants notified the Court that they would agree to enter into a binding settlement agreement materially consistent with the Court's proposed terms, provided that the NYAG and the seventeen other States that appeared as amici represent that they will not object to or oppose the revised settlement and, if the settlement is approved, will not assert claims or pursue enforcement actions relating to the subject matter of this MDL. (ECF No. 264.) The Court subsequently directed the Special Master to work with the NYAG "in obtaining the required representations from the other seventeen State Attorneys General to facilitate the successful resolution of this matter." (ECF No. 265 at 2.) Following the November 21, 2025 status hearing, the Court provided additional guidance, explaining that each State is expected to "provide confirmation, in writing, that they will not pursue further enforcement actions against Capital One for the alleged misconduct complained of in this MDL." (ECF No. 278 ¶ 3.) The Court noted that such written confirmations may take any form the States choose and may be submitted through the Special Master or through counsel for the NYAG.

## II. **Outreach to the States**

Consistent with the Court's November 6 and November 21, 2025 orders, the Special Master, in collaboration with the NYAG, undertook a coordinated outreach effort to the seventeen States. On November 19, 2025, the Special Master sent an initial email requesting confirmation by December 5, 2025 as to whether each State would agree not to object to the revised proposed settlement and not to pursue enforcement actions if the settlement is approved. On November 25, 2025, the Special Master sent a follow-up email providing additional guidance from the Court,

attaching the transcript from the November 21, 2025 status hearing, and reiterating the December 5, 2025 response deadline.

In addition to the above-referenced email communications, the Special Master met with the NYAG and counsel for Plaintiffs and Defendants on several occasions, including December 5, 2025, December 8, 2025, and December 11, 2025, conducted bilateral calls with the NYAG regarding the States' positions and the form of written confirmations, participated in multiple calls with individual States, including ongoing discussions with Washington, Oregon, and Louisiana, and coordinated closely with the NYAG, who has been in regular contact with the States. Through these efforts, the Special Master received responses from all seventeen States on or before December 5, 2025, either directly or indirectly through the NYAG.

### III.   Status of the States' Responses

All seventeen States have indicated—either directly to the Special Master or indirectly through the NYAG—that they do not intend to object to the revised proposed settlement, subject to reviewing the final settlement agreement. The Special Master appreciates the responsiveness of all of the States.

The States' responses fall into one of three general categories:

- **Arizona, Colorado, Connecticut, Hawaii, Illinois, Michigan, and New Jersey** have submitted similar written responses in which they represent that they will not pursue a civil enforcement action based on allegations that (1) Capital One misled its 360 Savings account customers into believing that they were earning a higher interest rate than they were, in large part by offering the similarly-named 360 Performance Savings account, and (2) reasonably could have been asserted by their respective offices prior

3

to December 5, 2025. The parties are discussing the scope of the language in these letters.

- **New York, California, Maryland, Massachusetts, Minnesota, Nevada, Ohio, and Rhode Island** have agreed in principle to a draft stipulation and proposed order that contemplates the NYAG moving to dismiss the case captioned *People of the State of New York, by Letitia James, Attorney General of the State of New York v. Capital One, N.A. et al.* (Case No. 1:25-cv-1403) with prejudice if Defendants enter into a binding settlement with Plaintiffs that is materially consistent with the Court's proposed terms of settlement. The NYAG and Defendants are continuing to meet and confer regarding certain terms of the stipulation and proposed order. Plaintiffs' counsel are being kept informed of these discussions. The parties are also discussing some procedural issues regarding Minnesota's participation in the stipulation.

- **Washington and Oregon** have submitted similar written responses in which they represent that they have not brought enforcement claims against Defendants for the misconduct complained of in the MDL and have no present intention of doing so. They further represent that they will not require Defendants to agree to file or enter any separate order or decree regarding the revised proposed settlement in their respective state courts. With regard to future assurances, **Louisiana** submitted a response similar to Washington and Oregon. The Special Master is discussing these responses with these three States and the other parties. The Special Master's discussions with these States are ongoing, with several calls scheduled.

The Special Master provided copies of the States' responses to the parties on December 8, 2025, and the parties have been discussing the adequacy of the responses in various calls. In sum,

4

a great deal of work has been accomplished since November 21, 2025, and as expected, there is more work that is ongoing by the parties, the States, and the Special Master.

The Special Master will file an update to this report on or before January 8, 2026, in advance of the Preliminary Approval Hearing on January 12, 2026. In the interim, the Special Master will continue to provide the Court with informal updates regarding the status of the ongoing discussions with the States.

Washington, DC  
Date: December 11, 2025

_CS_  
Craig P. Seebald