IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

CAPITAL ONE 360 SAVINGS ACCOUNT
INTEREST RATE LITIGATION

MDL No. 1:24md3111 (DJN)

This document relates to
ALL CASES

**ORDER**
**(Approving Class Action Settlement;**
**Awarding Attorneys' Fees, Expenses and Service Awards;**
**Granting Motion for Appeal Bond)**

This matter comes before the Court on Plaintiffs' Unopposed Motion for Final Approval

of Class Action Settlement (ECF No. 313 ("Final Approval Motion")) and Plaintiffs' Motion for

Appeal Bond (ECF No. 323 ("Appeal Bond Motion")). Plaintiffs Scott C. Savett, Jay Sim,

Amber Terrell, Angela Uherbelau, Gwendolyn Wright, Elizabeth Zawacki, Sheryl Barnes,

Alessandra Bellantoni, Ayal Brenner, Anthony Guest, Samuel Hans, Ronald Hopkins, Michael

Krause, Steve Lenhoff, Jerry Magaña, Seth Martindale, Jennie Meresak, Gregory Mishkin,

Andrew Molloy, Jay Nagdimon, Neelima Panchang, Sailesh Panchang, Patrick Perger Jr.,

Shantell Pitts, Howard Port and Jane Rossetti (collectively, "Plaintiffs"), individually and on

behalf of the proposed settlement class, and Defendants Capital One Financial Corporation and

Capital One, N.A. (collectively, "Capital One" or "Defendants") have entered into a Settlement

Agreement and Release dated December 12, 2025 (ECF No. 284-1 (the "Agreement")), which is

subject to review by the Court under Federal Rule of Civil Procedure 23(e). The settlement

provides for Capital One to pay $425 million in the form of a settlement fund, and also to pay the

interest rate for the 360 Performance Savings account to holders of the 360 Savings account

going forward, as set forth in the Agreement. (ECF No. 284-1 §§ 4–6.) This settlement marks the parties' second proposed settlement, following the Court's rejection of the parties' first proposed settlement for lack of adequacy and reasonableness under Rule 23(e). (ECF No. 259.)

Plaintiffs' Final Approval Motion seeks final certification of the settlement class for settlement purposes, final approval of the settlement and a grant of attorneys' fees, expenses and service awards. Plaintiffs' Appeal Bond Motion, meanwhile, seeks the imposition of an appeals bond pursuant to Federal Rules of Appellate Procedure 7 and 8 in the amount of $6 million. The Court has reviewed Plaintiffs' motions and the materials submitted in support thereof. The Court also conducted a hearing in this matter on April 20, 2026 (the "Final Approval Hearing"), during which the Court heard argument from the parties and from objectors to the proposed settlement concerning both motions. Having considered all of the briefing and the arguments presented during the April 20, 2026 hearing, the Court hereby finds and ORDERS as follows:

1.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and has personal jurisdiction over the parties and the settlement class members. Venue is proper in this District.

2.      Pursuant to Fed. R. Civ. P. 23, the Court hereby finally certifies, for purposes of the settlement only, a settlement class consisting of the persons or entities who maintained a Capital One 360 Savings account at any time during the class period (*i.e.*, from September 18, 2019, through and including June 16, 2025), including joint and co-holders of 360 Savings accounts, as reflected in the class list generated by Capital One. Excluded from the settlement class are (i) Capital One, any entity in which Capital One has a controlling interest, and Capital One's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any Judge, Justice, or judicial officer presiding over the action and the members of their immediate

families and judicial staff; and (iii) any individual who timely and validly opts out of the settlement class.

3. The Court confirms its appointment of Chet B. Waldman and his law firm, Wolf Popper LLP, as class counsel and The Kaplan Law Firm as local counsel, and confirms its designation of the Plaintiffs in the action as settlement class representatives for purposes of this settlement.

4. The Court finds and concludes, for settlement purposes only, that the settlement class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Specifically, the Court finds that: (1) the settlement class members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) Plaintiffs' claims are typical of those of the settlement class members; (4) Plaintiffs and class counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the settlement class members; and (5) for purposes of settlement, the settlement class meets the predominance and superiority requirements of Rule 23(b)(3). Certification of the settlement class shall be solely for settlement purposes, and the parties preserve all rights and defenses regarding class certification in the event this Order is reversed on appeal or the settlement otherwise does not take effect.

5. This Court finds that the distribution of the notice and the form and methodology of notice: (a) constituted the best practicable notice to settlement class members under the circumstances; (b) were reasonably calculated, under the circumstances, to apprise settlement class members of (i) the nature of the action, (ii) the definition of the settlement class to be certified, (iii) the claims, issues and Defendants' defenses, (iv) the terms and effect of the proposed settlement of this action, including benefits available to settlement class members, (v)

3

their right to exclude themselves from the settlement, (vi) their right to object to any aspect of the proposed settlement, (vii) their right to appear at the Final Approval Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the settlement, (viii) the attorneys' fees, expenses and service awards that class counsel would seek, (ix) all applicable settlement related deadlines and (x) the binding effect of the proceedings, rulings, orders and judgments in this action, whether favorable or unfavorable, on all persons who are not excluded from the settlement; (c) were reasonable and constituted due, adequate and sufficient notice to all entitled to be provided with notice; and (d) fully satisfied all applicable law, including the requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)) and the United States Constitution (including the Due Process Clause).

6.     In addition, the notice given by Defendants to federal officials pursuant to 28 U.S.C. § 1715 fully and timely satisfied the requirements of that statute.

7.     The Court approves the settlement, as embodied in the agreement, as fair, reasonable and adequate as to, and in the best interests of, each of the parties and the settlement class members. The agreement was reached as a result of arm's-length negotiations by the parties and their counsel in response to the concerns raised by the Court regarding their previous proposed agreement.  Based on the record, the Court finds that settlement class representatives and class counsel had sufficient information to evaluate the strengths and weaknesses of the case and to conduct informed settlement discussions, and that the settlement provides adequate relief to class members in light of the costs, risks and delay of trial and appeal, as explained in the Eighth Report of the Special Master.  (ECF No. 300.)  The Parties and their counsel are therefore hereby authorized and directed to implement and consummate the settlement in accordance with its terms and conditions and this Order.

8.      The Court has reviewed and considered all objections.  For the reasons stated from the bench during the Final Approval Hearing, the Court grants in part the objections as they concern attorneys' fees and will grant a reduced amount as set forth below.  The Court finds all other objections to lack merit and hereby overrules them.

9.      The Court has reviewed the opt-out list provided by the Settlement Administrator (ECF No. 332).  All individuals included thereon shall be excluded from the settlement class.

10.     Distributions to settlement class members shall be made in accordance with the method outlined in the agreement.

11.     The settlement class representatives shall each be paid a service award of $ 10,000 out of the settlement fund, which amount the Court finds to be fair and reasonable.

12.     Plaintiffs' counsel shall be paid $32 million in attorneys' fees and $ 1,809,988.29 in expenses out of the settlement fund, which amounts the Court finds to be fair and reasonable.

13.     The Court approves and extends the designation of Epiq Class Action & Claims Solutions, Inc. to serve as Settlement Administrator.  Responsibility for settlement administration shall continue to be borne by the Settlement Administrator, subject to the oversight of the parties and this Court as described in the agreement.

14.     The Court orders the Special Master to file a report with the Court concerning the execution of payments and the Settlement Administrator's compliance with the settlement agreement's terms no later than six (6) months after the disbursement of funds from the settlement fund has commenced.  This report shall detail the success of the disbursements and flag any issues related to disbursements and how these issues were resolved.  The costs incurred in producing this report shall be borne in equal parts by Plaintiffs and Defendants.  No additional

funds from the settlement fund will be approved to cover these expenses.

15.    Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) and in accordance with the terms of the settlement agreement, the Court specifically retains jurisdiction over the settlement, the action, the parties, settlement class members, their attorneys and any appointed entities for all matters relating to the administration, interpretation, effectuation and enforcement of the settlement agreement and this Order. The Court shall retain exclusive jurisdiction over any determination of whether any subsequent suit is released by the agreement.

16.    As of the agreement's effective date, all settlement class members (except those who validly and timely excluded themselves, *see* ECF No. 332) and all settlement class representatives, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors and successors and any other person or entity purporting to claim on their behalf, hereby expressly, generally, absolutely and unconditionally release and discharge any and all released claims against the released Capital One parties, and any of their current, former and future affiliates, parents, subsidiaries, representatives, officers, agents, directors, employees, contractors, vendors, insurers, successors, assigns and attorneys, except for claims relating to the enforcement of the settlement or the agreement.

17.    As of the agreement's effective date, Capital One, and any of its current, former and future affiliates, parents, subsidiaries, representatives, officers, agents, directors, employees, contractors, vendors, insurers, successors, assigns and attorneys hereby expressly, generally, absolutely and unconditionally release and discharge the released plaintiff parties from all claims and causes of actions of every nature and description, whether known or unknown, that arise out of or relate in any way to the institution, prosecution or settlement of the action, except for

6

claims relating to the enforcement of the settlement or the agreement.

18.    Notwithstanding any other provision of the agreement, nothing in the agreement shall be deemed to in any way impair, limit or preclude the parties' rights to enforce any provision of the agreement, or any court order implementing the agreement, in a manner consistent with the terms of the agreement.

19.    In the event that this Court or a reviewing court takes any action to impair or reduce the scope or effectiveness of the releases set forth in the agreement or to impose greater financial or other burdens on Capital One than those contemplated in the agreement, or if this Order is reversed on appeal, the parties may, but are not required to, modify the agreement. Such a modification shall be binding only if it is in writing and executed by class counsel and Capital One.  If the Parties do not agree upon and execute such a modification, the action shall revert to its status as it existed prior to the date of the agreement, and the settlement administrator shall return to Capital One any amounts Capital One had already deposited in accordance with Section 10.3.1 of the agreement.  In the event of such a reversion, no class shall be deemed to have been certified, and the proposed or actual certification of a settlement class shall not be urged or considered as a factor in any subsequent litigation over the certification of a litigation class or classes.  Additionally, in the event of such a reversion, the agreement shall be void ab initio, shall have no force or effect, and shall impose no obligations on the parties except as set forth in the agreement.

20.    This Order, the agreement and all negotiations, statements, agreements and proceedings relating to the settlement, and any matters arising in connection with settlement negotiations, proceedings or agreements, shall not constitute or be described as, construed as, offered or received against Capital One or the other released Capital One parties as evidence or

7

an admission of (i) the truth of any allegations made by the Plaintiffs, (ii) liability or fault of any kind, or (iii) that this action or any other action may be properly certified as a class action for litigation, non-settlement purposes. This Order, the agreement and all negotiations, statements, agreements and proceedings relating to the settlement, and any matters arising in connection with settlement negotiations, proceedings or agreements, also shall not constitute or be described as, construed as, offered or received against Plaintiffs as evidence or an admission of any weakness or infirmity of any claim or allegation made by Plaintiffs in this action.

21.    The action and all released claims as defined in the settlement agreement are dismissed with prejudice on their merits and in their entirety. The provisions of this Order constitute a full and complete adjudication of the matters considered and adjudged herein.

22.    The settlement class representatives and settlement class members are hereby permanently barred and enjoined (including during the pendency of any appeal taken from this Order) from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any released claims in any judicial, administrative, arbitral or other forum. This permanent bar and injunction is necessary to protect and effectuate the settlement agreement, this Order and this Court's authority to effectuate the settlement agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

23.    The parties shall bear their own costs, except as and to the extent provided in the settlement agreement, this Order or any other order by this Court awarding attorneys' fees and expenses.

24.    If residual funds remain in the settlement fund following all class member distributions, the parties shall distribute such funds to Feed More, Inc. in Richmond, Virginia.

As to Plaintiffs' Appeal Bond Motion, for the reasons stated during the Final Approval

Hearing, and having considered and overruled all objections to the proposed class settlement except as to the level of attorneys' fees, the Court GRANTS Plaintiff's Motion (ECF No. 323) and hereby ORDERS that, in the event that any objector appeals any rulings of this Court, every such objector shall post an individual bond of $25,000, which the Court finds to be an amount sufficient to reimburse the appellate costs of Plaintiffs' counsel and Defendant's counsel. Such bond shall be posted with the Clerk of Court concurrent with the filing of any Notice of Appeal.

The Court DIRECTS the Clerk to enter a separate and final judgment forthwith.

This case is now CLOSED.

Let the Clerk file a copy of this Order electronically and notify all counsel of record, as well as the Special Master.

It is so ORDERED.

_____/s/_____

David J. Novak
United States District Judge

Alexandria, Virginia
Dated:  April 20, 2026

9